Archibald C. Wemple, J.
The defendant above named pled guilty to the misdemeanor of keeping a place for the game of policy in violation of section 974 of the Penal Law. It is axiomatic that the punishment for commission of a misdemeanor, when the punishment is not specifically fixed by statute, is governed by section 1937 of the Penal Law. This section specifically sets forth a maximum of imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both. The defendant’s counsel herein concedes that the sentencing Judge had the power to pronounce sentence in the instant case but argues that he abused his discretion in adding to the fine the imprisonment provision for 10 days in the Schenectady County Jail. To substantiate his posi *709 tion, the defendant’s counsel cited a series of sentences pronounced over a period of time in said Police Court pertaining to convictions for similar misdemeanors, in some of which no’ imprisonment provision was imposed. The defendant’s counsel, therefore, asked that the jail term of the sentence he deleted.
The Assistant District Attorney, on the other hand, argues that there was no abuse of discretion and that the sentence was reasonable and within the limit of section 1937 of the Penal Law.
With a potential maximum of one year’s imprisonment in the county jail, it does not appear to this appellate court that 10 days in the county jail is excessive or unconscionable.
Since the question of the imprisonment is the only issue raised on this appeal, and since the term imposed does not appear to be an abuse of discretion nor to be otherwise illegal or unwarranted, the judgment of the Police Court of December 23, 1958 is hereby affirmed.
Submit order.